# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDER IVAN CALDERON,<br><br>                Plaintiff,<br>vs.<br><br>BANK OF AMERICA, QUALITY LOAN SERVICE CORP., FEDERAL HOME LOAN MORTGAGE CORPORATION, AND DOES 1–10,<br><br>                Defendants. | CASE NO. 12-CV-3028-LAB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM** |

      Calderon brings this wrongful foreclosure action against Bank of America, Quality Loan Service Corporation, and Federal Home Loan Mortgage Corporation. He alleges six claims: (1) a violation of California's Unfair Competition Law, (2) intentional misrepresentation, (3) negligent misrepresentation, (4) fraudulent concealment, (5) to quiet title, and (6) for declaratory relief. Now pending are Defendants' motions to dismiss the complaint for failure to state a claim.

**I.    Background**

      On June 27, 2007, Calderon borrowed $400,000 from Bank of America to buy a home in San Diego. A deed of trust was recorded with the San Diego County Recorder's Office on July 17, 2007, with Calderon listed as the borrower, Bank of America as the lender, and PRLAP, Inc. as the trustee. Several years later, on February 8, 2012, a substitution of trustee was recorded naming Quality as the new trustee in place of PRLAP. That same day,

Quality recorded a notice of default, stating its intention to foreclose because Calderon was $149,377.07 behind in his payments. A trustee's sale was noticed on May 11, 2012, and FHLMC bought the home at a trustee's sale in June, subsequently recording a deed of trust.

## II.  Requests for Judicial Notice

Bank of America asks the Court to take judicial notice of the relevant loan documents referenced above—all of which were recorded with the San Diego County Recorder's Office. Because these are undisputed documents of public record, this request is appropriate. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1191 (S.D. Cal. 2010) (taking judicial notice of publicly recorded loan documents).

## III.  Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The Court may consider, in addition to the pleaded facts, items of which it has taken judicial notice, such as the loan documents here. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). The Court will give the facts, but not the legal conclusions, the assumption of truth. *Iqbal*, 556 U.S. at 678.

## IV.  Discussion

Calderon alleges a violation of California's Unfair Competition Law (UCL), as well as intentional misrepresentation, negligent misrepresentation, and fraudulent concealment. He also asks the Court to quiet title and for declaratory relief against FHLMC. The Court will address these claims in sequence.

### A.  UCL Claim

The UCL prohibits any fraudulent, unlawful, or unfair business act or practice. Cal. Bus. & Prof. Code § 17200. These are three distinct paths to relief. *Hutton v. Fidelity Nat'l Title Co.*, 152 Cal. Rptr. 3d 584, 594 (Cal. Ct. App. 2013). A fraudulent business practice under the UCL requires only that members of the public are likely to be deceived. *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 128 (Cal. Ct. App. 2006). A business practice

is unlawful simply if it violates any law. *Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Cal. Ct. App. 1994). And a business practice is unfair if the consumer suffers a substantial injury that they could not have reasonably avoided. *Morgan v. AT&T Wireless Servs., Inc.*, 99 Cal. Rptr. 3d 768, 784–85 (Cal. Ct. App. 2009).

Calderon's UCL claim is based solely on allegations contradicted by the public record. He alleges that Quality's representations as trustee were "unfair, deceptive, and/or unlawful" because Quality was not the lawful trustee. This is directly contradicted by a substitution of trustee, recorded on February 8, 2012, naming Quality as the new trustee. Thus, Quality was trustee when it signed the notice of trustee's sale on May 11, 2012. Calderon fails to explain why the substitution of trustee ought not have effect. Furthermore, Calderon fails to allege any facts suggesting that Bank of America or Quality's representations were likely to deceive the public, nor does he allege any facts that they violated the law. Finally, Calderon has no unfair UCL claim because, even if he can show harm from being foreclosed upon, he cannot show that this harm couldn't have been reasonably avoided. The motions to dismiss Calderon's UCL claim are therefore **GRANTED**.

### B. Misrepresentation and Fraudulent Concealment Claims

Intentional and negligent misrepresentation both require a false representation of fact. *West v. JPMorgan Chase Bank, N.A.,* 154 Cal. Rptr. 3d 285, 295 (Cal. Ct. App. 2013). Fraudulent concealment requires the suppression of a material fact with intent to defraud. *Levine v. Blue Shield of Cal.*, 117 Cal. Rptr. 3d 262, 269 (Cal. Ct. App. 2010).

Calderon claims Quality and Bank of America committed intentional and negligent misrepresentation and fraudulent concealment when Quality falsely claimed to be trustee and thus, without legal authority, held a trustee's sale. But the public record proves otherwise: Quality *was* the trustee. Calderon has simply pleaded no facts to show that Defendants misrepresented or suppressed the truth. Defendant's motions to dismiss Calderon's second, third, and fourth claims are therefore **GRANTED**.

//

//

### C. Quiet Title and Declaratory Relief Claims

In his fifth and sixth claims, Calderon asks the Court to quiet title on the property and for declaratory relief against FHLMC. Essentially, Calderon is asking the Court to declare that he has title in fee simple and that Defendants have no legal rights against him or to the property. FHLMC moves to dismiss these claims.[1]

To bring an action to quiet title, the plaintiff must provide a basis for that title. Cal. Civ. Proc. Code § 761.020(b). A mortgagor cannot quite title until his debt has been paid. *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Cal. Ct. App. 1974). The parties agree that Calderon took out a mortgage loan on the property. Calderon has not alleged that he paid off or even attempted to pay off his debt. Thus, Calderon has no basis for title, and the motion to dismiss the action to quiet title is **GRANTED**.

The basis of Calderon's request for declaratory relief is that Quality had no authority to act as trustee. But as discussed above, that claim is groundless, and there is simply no factual basis for the Court to grant the declaratory relief Calderon seeks. That is to say, this claim fails for the same reason that Calderon's other claims fail. The motion to dismiss the claim for declaratory relief is therefore **GRANTED**.

### V. Conclusion

For the reasons given, Defendants' motions to dismiss Calderon's complaint are **GRANTED**. Defendants raised other arguments in their motions, including Calderon's failure to tender, and while not fully addressed, the Court finds these arguments persuasive and Calderon's respective counter-arguments unpersuasive.

**IT IS SO ORDERED**.

DATED: JUNE 24, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Although FHLMC has not filed a separate motion to dismiss, Bank of America's motion directly addresses these claims. (Doc. 3-1 at 17–19). To the Court's understanding, both FHLMC and Bank of America are represented by Bryan Cave LLP, and so the Court will construe the motion to dismiss Calderon's fifth and sixth claims as from FHLMC.